**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT** | ) | **CIVIL ACTION NO.** |
| **OPPORTUNITY COMMISSION,** | ) | **2:06-cv-02732-PMD-GCK** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CONSENT DECREE** |
| **v.** | ) | |
| | ) | |
| **EZ MONEY, INC d/b/a EZ CHECK** | ) | |
| **CASHING;** | ) | |
| **EZ CHECK CASHING OF CHARLOTTE,** | ) | |
| **INC. d/b/a EZ CHECK CASHING OF** | ) | |
| **COLUMBIA;** | ) | |
| **GREENVILLE INTERNATIONAL, INC.** | ) | |
| **d/b/a EZ CHECK CASHING; and** | ) | |
| **GULFSHORE MANAGEMENT** | ) | |
| **CORPORATION, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

    The Equal Employment Opportunity Commission (the "Commission") instituted this

action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as

amended, 42  U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil

Rights Act of 1991, 42 U.S.C. § 1981a.  The Commission's complaint alleged that Defendants

EZ Money, Inc. d/b/a EZ Check Cashing; EZ Check Cashing of Charlotte, Inc. d/b/a EZ Check

Cashing of Columbia; Greenville International, Inc. d/b/a EZ Check Cashing; and Gulfshore

Management Corporation, Inc. ("Defendants") discriminated against Constance Times by

discharging her because of her sex, female (pregnancy).  In their Answer, Defendants denied the

Commission's allegations.

The Commission and Defendants hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court for purposes of the current lawsuit only.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action for purposes of the current lawsuit only; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 16 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1.     Defendants shall not discriminate against any person on the basis of sex or any other protected category within the meaning of Title VII.

2.     Defendants shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3.     Defendants shall pay Constance Times the sum of Twenty thousand and no/100 dollars ($20,000.00) in settlement of the claims raised in this action. Defendants shall make payment by issuing a check payable to Constance Times. Payment shall be made within fifteen (15) days after the Court approves this Consent Decree, and Defendants shall mail the check to Constance Times at an address provided by the Commission. Within ten (10) days after the

2

check has been sent, Defendants shall mail to Lynette A. Barnes, Regional Attorney, Equal

Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202, a

copy of the check and proof of its delivery to Ms. Times.

4.      Within ten (10) days of the entry of this decree by the Court, Defendants shall

return to Constance Times her entire personnel file or, in the alternative, eliminate from the

employment records of Constance Times any and all documents, entries, or references of any

kind relating to her termination, discipline or EEOC Charge Number 146-2005-02301 and the

related events that occurred thereafter. Within fifteen (15) days of the entry of this decree by the

Court, Defendants shall report compliance with this provision to the EEOC.

5.      Within fifteen (15) days of entry of this Consent Decree, Defendants agree to

provide Constance Times with a neutral letter of reference, a copy of which is attached hereto,

marked as Appendix A.  In addition, if any Defendant receives any inquiries regarding the

employment of Ms. Times, in lieu of an oral response, that Defendant shall provide a copy of the

letter of reference.  Within ten (10) days of responding to any inquiry regarding the employment

of Ms. Times, Defendants shall report compliance to the Commission, including the name and

address of the person or entity to whom the letter was provided.

6.      Within ninety (90) days of the entry of this decree by the Court, Defendants shall

adopt, implement, and distribute a formal, written anti-discrimination policy, which shall include

but not be limited to the following:  an explanation of the requirements of the federal equal

employment opportunity laws, including Title VII and its prohibition against sex discrimination

including discrimination based on pregnancy; procedures for reporting discrimination; and a

procedure for the thorough and immediate investigation of employee complaints of

discrimination.  Defendants shall distribute to each current employee a copy of the policy within the aforementioned 90 day time period.  Within one hundred (100) days of the entry of this decree, Defendants shall report compliance to the Commission.  During the term of this Decree, Defendants shall distribute the policy to all new employees and review it with them at the time of hire.

7.      During the term of this Decree, Defendants shall post a copy of the policy described in paragraph 6 above, in all of their facilities in a place where it is visible to employees and applicants.  If the policy becomes defaced or unreadable, Defendants shall replace it by posting another copy of the policy.  Within one hundred (100) days after the Decree is entered, Defendants will post the policy and notify the EEOC that it has been posted.

8.      During the term of this Decree, Defendants shall provide an annual training program to all managers, supervisors and employees.  Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, and its prohibition against sex discrimination, including pregnancy, in the workplace.  Each training program shall also include an explanation of Defendants' policy referenced in paragraph 6 above, and an explanation of the rights and responsibilities of employees, supervisors, and managers under the policy.

All managers, supervisors and employees must complete the initial training program within sixty (60) days of adoption of the policy described in paragraph 6 above.  Each subsequent training program shall be conducted at approximately one-year intervals.   Within ten (10) days after completion of each training program, Defendants shall certify to the Commission the

4

specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

9.     Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendants shall conspicuously post, at each Defendant facility, a copy of the attached Employee Notice, marked Appendix B, hereby made a part of this Decree, in a place where it is visible to employees.  If the Notice becomes defaced or unreadable, Defendants shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, Defendants shall notify the Commission that the Notice has been posted pursuant to this provision.

10.     During the term of this Consent Decree, Defendants shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree.  The reports will include the following information:

> A.     The identities of all individuals who complained of or reported discrimination based on sex (including pregnancy), including by way of identification each person's name, last known telephone number and address, social security number, and job title;
>
> B.     The name of the individual who allegedly engaged in the discrimination as well as a detailed description of the alleged discriminatory conduct; and
>
> C.     A detailed description of what action, if any, Defendants took in response to the report/complaint.

In the event there is no activity to report pursuant to this paragraph, Defendants shall send EEOC a "negative" report indicating no activity.

11.     The Commission may review compliance with this Decree.  As part of a review for compliance with the notice-posting provision in paragraph 9, the Commission may inspect

the facilities of any Defendant, interview employees and examine and request copies of documents.

12.      If anytime during the term of this Decree, the Commission believes that any Defendant is in violation of the Decree, other than a violation of paragraph 9, the Commission shall provide that Defendant with 48 hours notice of its intent to conduct an inspection at Defendants' facility related to the alleged violation of the terms of the Decree.  Such inspection could include interviewing employees and examining and requesting copies of documents.  The Commission's representative shall notify Terri Young of the upcoming inspection.  Notification to Ms. Young shall be made by facsimile to a number to be provided in writing to Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202.  After the inspection, the Commission shall give notice of any alleged violation to Defendants.  Defendants shall have ten (10) days in which to investigate and respond to the allegations.  Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

13.      The term of this Decree shall be for three (3) years from its entry by the Court.

14.      All reports or other documents sent to the Commission by Defendants pursuant to this Decree shall be sent to: Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202.

15.      Each party shall bear its own costs and attorney's fees.

16.      This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

Charleston, South Carolina

August 06, 2007
Date

PATRICK MICHAEL DUFFY
United States District Judge

The parties jointly request that the Court approve and enter the Consent Decree:
This 3rd day of August 2007.

**PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1801 L Street, N.W.
Washington, D.C.  20507

LYNETTE A. BARNES
Regional Attorney

TINA BURNSIDE
Supervisory Trial Attorney

   s/ Mary M. Ryerse
MARY M. RYERSE
(Fed. Bar No. 9604)
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Phone: 704.344.6886
Facsimile: 704.344.6780
e-mail: mary.ryerse@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**

**DEFENDANTS EZ MONEY, INC d/b/a EZ CHECK CASHING, EZ CHECK CASHING OF CHARLOTTE, INC. d/b/a EZ CHECK CASHING OF COLUMBIA; GREENVILLE INTERNATIONAL, INC. d/b/a EZ CHECK CASHING; and GULFSHORE MANAGEMENT CORPORATION, INC.**

   s/  Daniel W. Hayes
DANIEL W. HAYES, ESQ.
(Fed. Bar No. 9876)
email: dhayes@sowell.com

GRADY L. BEARD, ESQ.
 (Fed Bar. No. 3535)
email: gbeard@sowell.com

SOWELL GRAY STEPP & LAFFITTE, LLC
P.O. Box 11449
Columbia, South Carolina 29211
Telephone: 803.231.7824
Fax: 803.231.7874

**ATTORNEYS FOR DEFENDANTS**

[Defendant EZ Money, Inc. d/b/a EZ Check Cashing]

[insert date]

TO WHOM IT MAY CONCERN:

Constance Times was employed as a full-time Collections Manager by EZ Money, Inc. d/b/a EZ
Check Cashing, 6877 Dorchester Road, Charleston, South Carolina 29418 from May 14, 2004
until September 2, 2005.  Her hourly rate of pay was $9.25/hour.

Sincerely,

Terri Young
President
EZ Money, Inc.

Appendix A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT** )<br>**OPPORTUNITY COMMISSION,** )<br> )<br>    **Plaintiff,** )<br> )<br>    **v.** )<br> )<br>**EZ MONEY, INC d/b/a EZ CHECKCASHING;** )<br>**EZ CHECK CASHING OF CHARLOTTE, INC. d/b/a EZ** )<br>**CHECK CASHING OF COLUMBIA; GREENVILLE** )<br>**INTERNATIONAL, INC. d/b/a EZ CHECK CASHING; and** )<br>**GULFSHORE MANAGEMENT CORPORATION, INC.,** )<br> )<br>    **Defendants.** )<br>_____ ) | **CIVIL ACTION NO.**<br>**2:06-cv-02732-PMD-GCK**<br><br><br><br><br>**NOTICE** |

1.     This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission ("EEOC") and EZ Money, Inc.; EZ Check Cashing of Charlotte, Inc.; Greenville International, Inc.; and Gulfshore Management Corporation, Inc. ("the Defendants") in a case of discrimination based on sex (pregnancy). Specifically, the EEOC alleged that the Defendants discriminated against an employee by discharging her from her position because of her sex, female (pregnancy) in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). As part of the settlement, the Defendants have agreed to take other action set out in the Consent Decree resolving this matter.

2.     Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Title VII specifically prohibits discrimination based on sex (pregnancy).

3.     The Defendants will comply with such federal laws in all respects. Furthermore, the Defendants will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U.S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
1801 L Street, N.W.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820
website: www.eeoc.gov

This Notice will remain posted for at least three (3) years by agreement with the U.S. Equal Employment Opportunity Commission.

DO NOT REMOVE THIS NOTICE UNTIL:_____, 2010.

Appendix B
